**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Thomas Sheriden Henthorn,<br><br>Defendant. | No. CR-07-01979-001-TUC-CKJ (EJM)<br><br>**ORDER** |

  On May 1, 2023, Defendant filed a Motion to Modify Conditions of Supervised Release (Doc. 105) asking the Court to allow him to return to his residence in Green Valley, Arizona, instead of reporting to the Dismas Charities (Tucson) Residential Reentry Center upon his release from CAFCC custody. The Court denies the motion.

  According to the Bureau of Prisons (BOP), his release date is July 30, 2023.  May 20, 2009, the Court sentenced Defendant to 120 months in custody, followed by <u>lifetime</u> supervised release for distribution of child pornography. His offense of conviction included trafficking thousands of images of the sexual abuse of minors, and the Pre-Sentence Investigation Report (PSR) revealed allegations that as a professional photographer, he had photographed numerous minors, inappropriately touched at least one minor, sought access to minors many times, and succeeded in his efforts to photograph at least one child nude.

  After serving his sentence, Defendant was released from prison and began supervised release on July 18, 2016. Since then, his supervised release has been revoked twice for similar conduct, including accessing and viewing child sex abuse images. His

first revocation resulted in a 56-day sentence in BOP, and he is currently serving a 10-month sentence at BOP for the second revocation. Upon completing this term of imprisonment, Defendant remains on lifetime supervised release.

Defendant argues that release to the halfway house, community reentry program, is not necessary because he does not need assistance with housing or employment. He is 80 years old and owns his own home in Green Valley where he would like to go upon release.

The Court defers to the Probation officer's recommendation because she is in the best position to weigh the benefit and risk factors between the reentry program compared to his returning home in Green Valley. The illegal conduct which has returned the Defendant to prison, twice, for revocation of supervision suggests to this Court that that multiple terms of incarceration and sex offender treatment have not resulted in positive changes in Defendant's conduct. The halfway house, community reentry program, will support Probation's efforts to assist the defendant's transition to the community while also attempting to manage and reduce the risk that he has demonstrated to children.

**Accordingly,**

**IT IS ORDERED** that the Motion to Modify Conditions of Supervised Release (Doc. 105) is DENIED.

Dated this 24th day of May, 2023.

Honorable Cindy K. Jorgenson
United States District Judge